UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALLIM SESAY,

    Plaintiff,

 v.

CORNERTSTONE
SUPPORTED LIVING, LLC,
*et al.*,

    Defendants.

:

:

:

Case No. 2:20-cv-1547
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

   This matter is before the Court on the parties' Joint Motion for Approval of Settlement. (Jt. Mot. to Approve, ECF No. 21.) For the reasons set forth below, the Joint Motion is **DENIED**.

**I. BACKGROUND**

   On March 25, 2020, Plaintiff Allim Sesay filed his Complaint under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, alleging that Defendants failed to pay him for all time worked, failed to pay him overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over 40 each workweek, and retaliated against him for seeking to enforce his rights to receive fair compensation, all in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03, *et seq*. (ECF No. 1.)

1

In their Joint Motion, the parties purport to have reached an agreement resolving Mr. Sesay's claims. The parties represent to the Court that the enclosed Proposed Settlement (ECF No. 21-1) results from the following efforts:

- Substantial investigation, including review of relevant documents and law (Wido Decl., ¶¶ 6–7, ECF No. 21-2);
- Exchange of information, including Mr. Sesay's payroll records, timesheets, and other business records evidencing hours worked (*Id.*, ¶ 8); and
- Extensive legal discussion and settlement negotiations between the parties (Jt. Mot to Approve, 2).

Pursuant to the Proposed Settlement, Defendants would pay a total of $35,000 to cover Mr. Sesay's claim for unpaid back wages, statutory liquidated damages, and attorney's fees and costs. (*Id.*, 3.)

## II. STANDARD OF REVIEW

As noted above, this action is brought under 29 U.S.C. § 216(b). Section 216(b) provides, in relevant part, as follows:

> The court in [an action to recover unpaid minimum wages or unpaid overtime compensation] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In other words, the case "cannot be settled without court approval." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). A district court should approve a proposed settlement of FLSA claims if it finds the settlement to be "a fair and reasonable resolution of a *bona fide*

2

dispute between the parties." *Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)).

Courts within the Sixth Circuit look to a number of factors to determine whether settlement is fair and reasonable, including: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of plaintiff's counsel; and (6) the public interest. *See Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Crawford*, 2008 WL 4724499, at *3 (quoting *Redington v. Goodyear Tire & Rubber Co.*, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008)).

Where a settlement agreement proposes an award of attorney's fees, such fees must also be reasonable. *See* 29 U.S.C. § 216(b). *See also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson,* 465 U.S. 886, 894 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Reed*, 179 F.3d at 471 (quoting *Blum,* 465 U.S. at 897 (1984)) (internal quotation marks, alterations, and citations omitted). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve*

*Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking attorney's fees bears the burden of demonstrating the reasonableness of the hours billed and the hourly rates applied. *Id.* at 617 (citing *Reed*, 179 F.3d at 472). *See also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). "When determining a reasonable hourly rate, 'courts use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Van Horn*, 436 F. App'x at 498–99 (quoting *Gonter*, 510 F.3d at 618).

### III. ANALYSIS

The Court is presently unable to fulfill its obligation of determining the reasonableness of the Proposed Settlement's award of attorney's fees and costs, and so declines to engage in analysis of the other factors at this time.

The Joint Motion does not so much as mention the basis for the proposed award of attorney's fees and costs. Accordingly, the Court has no means of determining the reasonableness of that award. The parties did not proffer any evidence of the hours expended by Mr. Sesay's counsel, his hourly rate, or the prevailing market rate for the work performed—be it bar association surveys, sworn declarations of peer attorneys practicing in the same field and geographic region, cases in which this or any other court has approved awards derived from similar hourly rates, or otherwise. *See, e.g., Crawford*, 2008 WL 4724499, at *13; *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008). As such, the Court has no choice but to reject the Proposed Settlement.

4

## IV. CONCLUSION

On the information provided in the Joint Motion, the Court is unable to determine whether the award of attorney's fees and costs is reasonable. Accordingly, the Joint Motion (ECF No. 21) is **DENIED**. The parties are further **DIRECTED**, upon refiling, to redact or omit any sensitive personally identifying information, such as Social Security numbers.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**